

1101 30th Street NW, Suite 115
Washington D.C. 20007
T: 202-524-4290
F: 202-333-2121
www.zlk.com

Nicholas I. Porritt
nporritt@zlk.com

February 2, 2017

**VIA CM/ECF**

Molly Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

      Re:   *William Hampton v. Pacific Investment Management, et al*,
                Ninth Circuit Case No. 15-56841

Dear Ms. Dwyer:

      Appellant respectfully submits this citation of supplemental authority pursuant to FED. R. APP. P. 28(j) and 9TH CIR. R. 28-6. Appellant submitted his opening brief on May 12, 2016, Appellees submitted their answering brief on July 8, 2016, Appellant submitted his reply brief on August 22, 2016, and this matter is currently being considered for the May 2017 Pasadena oral argument calendar.

      On January 23, 2017, Judge Easterbrook wrote for a unanimous panel of the United States Court of Appeals for the Seventh Circuit, noting that a contract claim exists where a securities firm breaks the terms of a contract covering securities after the parties have entered into the contract. *Holtz v. JPMorgan Chase Bank, N.A.*, No. 13-2609, 2017 U.S. App. LEXIS 1112 (7th Cir. Jan. 23, 2017). The *Holtz* Court gave an example of such a contract breach:

> So, for example, a contract requiring an investment manager to keep funds in an interest-bearing account pending the purchase of new securities could proceed under state law—if the manager by error failed to invest the money properly, or if a decision to break the promise occurred after the promise had been made and the money invested.

*Id.* at *5.

      Here, the decision to breach the limits in the prospectus was made after the class had already invested in it. (*See* Opening Brief, discussion § B(3)(a)). Because Appellant did not allege that Appellees intended to invest more than 15% of fund assets in securities and instruments tied to emerging market countries at the time that the Parties entered into the contract, under the reasoning of the *Holtz* Court, Appellant did not allege a

misrepresentation, and Appellant's claims are not preempted under the Securities Litigation Uniform Standards Act of 1998. *Holtz,* 2017 U.S. App. LEXIS 1112 at *9.

Sincerely,

LEVI & KORSINSKY, LLP


 /s/ *Nicholas I. Porritt*
Nicholas I. Porritt

NIP/cjk

Encl.

cc:     All counsel of record (via CM/ECF)